IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Richard Allison, ) | C/A No. 0:15-221-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Maureen Cruz, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Jason Richard Allison, a self-represented federal prisoner incarcerated at FCI-Williamsburg of the Federal Bureau of Prisons ("BOP"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241. In his Petition, Allison alleges that he is entitled to additional custody credit. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion to dismiss, or in the alternative, for summary judgment.[1] (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Allison of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Allison filed a response in opposition. (ECF No. 21.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

---

[1] The respondent states that she is seeking dismissal of this Petition pursuant to Rule 12(b)(1) and 12(b)(6). (ECF No. 15 at 1.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded; however, the respondent concedes in her motion that this court has jurisdiction over this matter. (Id. at 2-3.) Upon review of Allison's Petition, the court finds that it has jurisdiction over this matter. Moreover, the respondent makes no argument in her motion as to Rule 12(b)(6). Therefore, the court will proceed to address the respondent's argument that she is entitled to summary judgment.

Page 1 of 11

PJG

## BACKGROUND

The record supports the following undisputed facts. While on state probation, Allison was arrested on March 11, 2008 in Polk County, Iowa, for possession of methamphetamine with intent to distribute. (Kelly Decl. ¶ 4, ECF No. 15-1 at 2.) The circumstances of this arrest would later result in Allison being charged with the federal offense of possession with intent to distribute at least fifty grams of methamphetamine. (Id.) On March 18, 2008, the Iowa District Court for Polk County sentenced Allison to six days' imprisonment with credit for time served in the amount of six days. (Id. ¶ 5 and Attach. 1, ECF No. 15-1 at 9.) Allison was taken into federal custody on March 18, 2008 and was released on bond on March 21, 2008. (Kelly Decl. ¶ 6, ECF No. 15-1 at 2.)

Allison was arrested on September 8, 2008 by state authorities in Polk County, Iowa, for possession of a controlled substance, third offense. (Id. ¶ 7.) On March 18, 2009, the Iowa District Court for Polk County in Case Number FECR223017, sentenced Allison to five years' imprisonment with credit for time served. ((Id. ¶ 7 and Attach. 3, ECF No. 15-1 at 14-16.) While serving his state sentence, Allison was twice transferred into federal custody pursuant to a federal writ of habeas corpus *ad prosequendum* on April 24, 2009 and August 11, 2010. (Kelly Decl. ¶¶ 8-9, ECF No. 15-1 at 3; Attach. 4, ECF No. 15-1 at 18-33.)

On September 17, 2010, the United States District Court for the Southern District of Iowa sentenced Allison to two-hundred forty (240) months' imprisonment, "to run concurrently with Dkt. #FECR223017 of the Iowa District Court for Polk County, Iowa." (Judgment, Attach. 5, ECF No. 15-1 at 35-36; Kelly Decl. ¶ 10, ECF No. 15-1 at 3.) Allison was returned to state authorities following his federal sentencing to complete service of his state sentence. (Kelly Decl. ¶ 10, ECF No. 15-1 at 3.)



BOP calculated Allison's federal sentence as commencing on September 17, 2010—the date he received his sentence on his federal charge—with a total credit of 191 days for time spent in non-federal presentence custody pursuant to Willis v. United States.[2]  (Id. ¶ 15, ECF No. 15-1 at 5.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

---

[2] Willis v. United States, 438 F.2d 923 (5th Cir. 1971).  An exception to 18 U.S.C. § 3585(b) applies when state and federal sentences are running concurrently and the raw expiration full term of the state sentence is equal to or less than the raw expiration full term of the federal sentence.  In this situation, prior custody credit, referred to as Willis credit, is awarded for time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence—federal or non-federal—begins to run.



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

C.  **Allison's Petition**

Allison contends that at the time he was sentenced on his federal charges, the United States District Court for the Southern District of Iowa intended his federal sentence to run fully concurrent to his state sentence, citing United States Sentencing Guidelines § 5G1.3(c) and 18 U.S.C. § 3584(a). Allison further argues that BOP has failed to implement the sentencing court's order in crediting him for the time he spent serving his state sentence prior to September 17, 2010—the date he received his federal sentence. Additionally, Allison contends that he is entitled to additional credit for the time he spent in federal custody prior to receiving his federal sentence. (Pet., ECF No. 1.)

1.  **Concurrent Sentences**

Section 3584(a) of Title 18 of the United States Code provides that

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

United States Sentencing Guideline § 5G1.3 is intended to aid the court in determining an appropriate sentence when a defendant is also subject to an undischarged term of imprisonment. This guideline provides in relevant part as follows:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.



U.S.S.G. § 5G1.3(c).[3]  Allison relies on Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002), in support of his argument that the United States District Court for the Southern District of Iowa intended his federal sentence to run fully concurrent with his Iowa District Court state sentence (Dkt. # FECR223017).  (See Pet., ECF No. 1 at 4-6; Petr.'s Resp. Opp'n Summ. J., ECF No. 18 at 5-7.) In Ruggiano, the United States Court of Appeals for the Third Circuit held that, in imposing a sentence, a federal court may grant an adjustment for time served on a preexisting sentence pursuant to § 5G1.3(c) by making the federal sentence retroactively concurrent with the state sentence for the full period of the preexisting sentence.  However, after Ruggiano, in 2003, the Application Notes of § 5G1.3 were amended to state that subsection (c) "does not authorize a sentencing court to make an adjustment for time served on a prior undischarged term of imprisonment and that a sentencing court may consider a downward departure only in extraordinary circumstances."  See Goodwin v. United States, Cr. No. 3:07-170-MBS, 2011 WL 1343217, at *11 (D.S.C. Apr. 8, 2011) (discussing the 2003 amendment and Ruggiano).  Specifically, the amendment provides:

> **Downward Departure.**–Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment.  However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart.  This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense.  In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings.  Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

---

[3] Unless otherwise noted, citations to the United States Sentencing Guidelines refer to the text and amendments in effect as of November 1, 2009, because these were the guidelines in effect at the time Allison received his federal sentence on September 17, 2010.

Page 6 of  11



> To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served.

U.S.S.G. § 5G1.3 Appl. Note 3(E).[4]  Accordingly, Allison's reliance on the holding in Ruggiano is misplaced, as the Third Circuit has subsequently ruled that its holding in Ruggiano has been abrogated by Application Note 3(E).  See Escribano v. Schultz, 330 F. App'x 21, 23 & n.6 (3d Cir. 2009); United States v. Destio, 153 F. App'x 888 n.6 (3d Cir. 2005).  Moreover, although Allison argues that it was the court's intent that he received credit for time served on his state sentence, the court's sentencing transcript and judgment do not indicate the judge's intent to downwardly depart.  (See ECF No. 1-36 at 2; ECF No. 15-1 at 35-36.)  Accordingly, Allison is not entitled to the relief he seeks, as he has failed to produce evidence to establish that the court ordered a downward departure under § 5G1.3(c).

**2.     Bureau of Prisons**

To the extent that Allison argues that BOP has failed to implement the sentencing court's order, his argument also must fail.  BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date.  United States v. Wilson, 503 U.S. 329, 333-35 (1992).  According to 18 U.S.C. § 3585(a), "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."  In this case, because the district court ordered Allison's sentence to run concurrently with his state

---

[4] This application note became effective November 1, 2003—prior to the date Allison received his federal sentence on September 17, 2010.



sentence that he was already serving, BOP determined that Allison's federal sentence commenced on the earliest date possible, September 17, 2010. (Kelly Decl. ¶¶ 12-15, ECF No. 15-1 at 3-5); see also Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).

Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Again relying on the holding in Ruggiano, Allison argues that BOP was required to implement the district court's ruling that allegedly adjusted his sentence in accordance with § 5G1.3(c). However, for the reasons discussed above, Allison's argument fails. Accordingly, Allison cannot establish that BOP failed to implement the sentencing court's order in crediting him for the time he spent serving his state sentence prior to his federal sentence.

### 3. Federal Custody Pursuant to a Writ

Allison also alleges that he is entitled to receive credit toward his federal sentence for the time spent in federal custody prior to the date of his federal sentence. However, during the requested time period, Allison was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*.



Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ *ad prosequendum* and citing a collection of case law).  Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b).  See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (explaining that the record shows that the petitioner received credit toward his state sentence for that same time period and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); Tisdale v. Menifee, 166 F. Supp. 2d 789, 792 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences").  Thus, contrary to Allison's allegation, he is not entitled to additional credit for the time he spent in custody on the writ of habeas corpus *ad prosequendum* towards his federal sentence.

## RECOMMENDATION

Thus, based on all of the foregoing and contrary to Allison's belief, he is not entitled to any additional credit against his federal sentence for the time he spent in state custody.  Accordingly, Allison has not established that he is entitled to habeas relief.  For the reasons stated above, the court



recommends that the respondent's motion (ECF No. 15) be granted and Allison's Petition be denied. In light of this recommendation, the court further recommends that Allison's motion for judicial notice be terminated as moot. (ECF No. 19.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 2, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).